## Will Clark v. The State.

### No. 571.  Decided May 4, 1910.

**1.—Theft—Burglary—Former Conviction.**

Upon trial for theft, a plea of former conviction of burglary involving the same transaction could not be set up in bar to the offense of theft.

**2.—Same—Definition of Offense—Control of Article.**

Where, upon trial of theft, the evidence showed that defendant had just taken a cloak valued at $40 from a figure of a woman in a store, and was about to take a dress valued at $85 from said figure, but had not severed same from said figure, and did not have complete control thereof when arrested; he could not be convicted of a felony, as he was not in complete control of the said dress.

**3.—Same—Evidence—Other Offense.**

Where, upon trial for theft, the evidence was clear that defendant was arrested in the act of committing the theft, there was reversible error in admitting testimony in regard to another burglary of another house, as this served no purpose of identification, system or intent.

Appeal from the District Court of Bexar.  Tried below before the Honorable Edward Dwyer.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

Davidson, Presiding Judge.—Appellant was convicted of theft, and his punishment assessed at two years confinement in the penitentiary.

The evidence discloses that appellant had been convicted of burglary, and his punishment assessed at three years confinement in the penitentiary, the indictment in this case being for the alleged theft committed in connection with that burglary. Plea of former conviction was interposed, but not considered upon the trial of this case. The action of the court in this matter was correct. Under our statute a party can be convicted of burglary as well as of the offense committed after the burglarious entry. The conviction of one can not be plead in bar of the other.

It is further disclosed that appellant was found in the store burglarized by an officer and arrested. In a show case in the store was the figure of a woman used for the display of goods. On this figure was a dress and a cloak, the cloak being valued at $40 and the dress at $85. Appellant had taken the cloak from the figure, rolled it up and laid it on the floor, and was trying to take off the dress at the time the officer arrested him, but had not succeeded. The dress, as testified by the owner of the store, had been pulled down to the bottom of the figure but had not been removed. He further testified that the dress could not be removed in that manner, that it would have to be taken off over the head of the figure. This, for instance, is the State's case.

1. Among other contentions made, is that the evidence does not support the verdict of the jury. We are of opinion that this contention is correct insofar as a felony conviction is concerned. If appellant had removed the cloak from the figure and had gotten possession of it in this manner, this would constitute theft, but we are of opinion, with reference to the dress, that he could not be convicted of theft. In order to constitute theft the thief must have complete control of the thing sought to be stolen. Mr. Bishop in his New Criminal Law, section 795, says: "This control must be of such importance that no imperfect control, whether brief or protracted, will be sufficient." He further says: "Where goods in a shop were tied to a string attached at one end to the counter, a thief who carried them as far away as the string would permit was held not to have committed larceny of them, because of their being thus attached. The same rule was applied where a purse, fastened by a string to a bunch of keys in the pocket, was taken therefrom while the keys remained." In the footnotes quite a number of cases are cited supporting the text. In Harris v. State, 29 Texas Crim. App., 101, this court approvingly quoted the doctrine laid down by Mr. Bishop, using this quotation: "The doctrine is that any removal, however slight, of the entire article which is not attached

either to the soil or to any other thing not removed, is sufficient, while nothing short of this will do. Therefore, if the thief has the absolute control of the thing but for an instant the larceny is complete." The Harris case has been followed in subsequent cases by this court. The same doctrine is laid down in Tarrango v. State, 44 Texas Crim. Rep., 385, in an opinion written by Judge Brooks, and was followed in Rodriquez v. State, 75 S. W. Rep., 596. The latter was a case of theft from the person. The owner testified that he felt something pulling at his shirt front, and upon looking around to ascertain what it meant saw some one undertaking to unscrew from his shirt a valuable diamond pin. The party had succeeded in about half unscrewing it when the owner caught his hand and held him until an officer came. The court say: "We agree with appellant that this is not sufficient evidence to show a taking. It was unquestionably an attempt to get possession, but it is as clearly evident that by reason of the owner's interference appellant did not obtain such possession. It was not removed from the shirt front, but at the time of appellant's arrest it still remained fastened to the shirt." This seems to be the doctrine of the cases in the different jurisdictions in regard to the question of theft; that is, that a party must obtain complete control of the property undertaken to be stolen, and that it must be segregated in such way that it passes entirely into the control of the thief. In People v. Meyer, 75 Cal. 383, this doctrine was announced and followed. The court stated the facts in that case about as follows: Lewis Joseph testified: "I had, as usual, placed and buttoned an overcoat upon a dummy which stood on the sidewalk outside of my store. I was inside the store and heard the chain of the dummy rattle, and on coming outside found defendant with said coat unbuttoned from the dummy and under his arm, the same being entirely removed from the dummy, and about two feet therefrom and from the place where it had been originally placed on the dummy by me, and accused was in the act of walking off with said coat when grabbed by me, he being prevented from taking it away because said coat was chained to the dummy by a chain which ran through the coat sleeve, and the dummy was tied to the building by a string." The court further says: "This was the only evidence introduced to prove the charge of larceny." On this evidence a conviction was obtained. The court, approving the language used by Mr. Bishop, held that this was not such a taking as would constitute the crime of theft. It is evident from the testimony in this case, as introduced by the State, that appellant had not reduced the dress to his control so as to constitute a taking. It had not been removed from the figure, nor had the figure been removed from its accustomed place. If appellant had succeeded in getting the dress off the figure or had detached the figure from its place and reduced it to control or removed it, then whatever was upon the figure

might have been reduced to possession by this means. We believe the doctrine to be sound that in order to constitute a taking there must be a reduction of the property to the complete control of the taker, otherwise it would not be theft as defined by our statute. It is not necessary under our statute that the property be carried away, but there must be a reduction to the control and possession of the thief. In this case we are of opinion that the dress had not been reduced to such possession and, therefore, so far as that article was concerned, the State failed to make a case. Omitting the dress from the computation of value, the cloak is shown to be worth only $40. Therefore, the taking of the cloak would be but a misdemeanor. Appellant, under this view, would not be guilty of a felony but of a misdemeanor.

2. There is another question in the case to which we call attention. Objection was urged during the trial to the introduction of evidence with reference to another burglary committed the same night. This was also a store and some distance from that entered by appellant, which forms a predicate for this case. Appellant was found in possession of some property, which the State sought to show came from the burglary of the other house. The objection is so urged that we would scarcely feel authorized to reverse the judgment on account of the introduction of this testimony on the ground stated. In fact, there was but one ground stated, to wit: that the testimony was prejudicial. Whether this be sufficient or not, upon another trial this evidence should not be permitted to go to the jury. Under the facts of the case it is not brought within any of the exceptions. Evidence of this character is sometimes admissible on the theory of system to develop the res gestae or on question of identity, but none of those matters occurred in this case. The evidence is clear and unequivocal that the house of the alleged owner was broken into and appellant found in the act of committing theft. Therefore, the testimony in regard to the burglary of the other house was not admissible. It served no purpose either of identification, system or developing the res gestae. The case was made out by positive evidence here, and there was no legal authority for resorting to this character of testimony to make out this case.

For the reasons indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*