**King EDWARDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42045.**

Court of Criminal Appeals of Texas.

April 30, 1969.

Norman Kinne, Dallas, on appeal only, for appellant.

Henry Wade, Dist. Atty., Malcolm Dade, Camille Elliott and James P. Finstrom, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is felony theft of 100 pounds of copper; the punishment, enhanced under Art. 62, Vernon's Ann.P.C., 10 years.

The sole ground of error presents the contention that the evidence is insufficient to sustain the conviction.

The state's evidence includes the following:

Gary Leon Leath was engaged in security work at a construction "add-on" to an existing apartment house in Dallas. He arrived about 6:45 P. M. on July 9, 1966, and watched a man unloading bricks until he finished about 10:15 P. M. No one else was working at the place.

After the man and truck left, Leath heard a snapping and popping sound coming from the apartment house that was under construction. He determined that the sound came from a room on the second floor and proceeded up the stairs. When he arrived at the second floor he saw a man he identified at the trial as appellant holding a long piece of copper pipe. He watched the man bending the pipe back and forth, snapping pieces off. He saw him break two pieces off and throw them on the floor and placed him under arrest.

Three piles of copper pipe, broken into lengths of about 12 inches, were found in the room where appellant was arrested. The piles consisted of ¾ inch, ½ inch and 1½ inch copper tubing or "piping," the ends of which appeared to be bent and broken, and elbows and fittings.

The ends of some of the pieces of pipe fit the broken ends of pipes that were still in the wall.

Proof was offered through the testimony of the contractor that 260 feet of ¾ inch copper tubing and around 40 feet of 1 inch copper tubing, weighing about 142 pounds, had been torn out of the wall and taken from his possession without his consent, and that the market value of scrap copper in Dallas County was seventy to seventy-one cents a pound.

Appellant concedes that by virtue of Art. 1412 P.C. asportation of the property is not necessary to the crime of theft. Also he recognizes that in construing said statute this court, in Looney v. State, 80 Tex.Cr.R. 317, 189 S.W. 954, held that the segregation of property from a building by breaking it (machinery) and placing it outside the building is sufficient appropriation to constitute theft.

Appellant seeks to distinguish this case from Looney v. State, supra, by the fact that the copper which had been severed from the building in which it had been installed as pipe or tubing "had never left the inside of the premises," whereas in Looney v. State, supra, the copper which was part of the machinery of the building, after being segregated by breaking was removed from the building. We do not agree. Clark v. State, 59 Tex.Cr.R. 246, 128 S.W. 131, 29 L.R.A.,N.S., 323; Boatright v. State, 121 Tex.Cr.R. 578, 51 S.W. 2d 311.

The segregation of the property from the building was an appropriation of the property. Looney v. State, supra.

At the hearing on punishment before the court the prior conviction for the offense of burglary with intent to commit theft was proved.

The judgment is affirmed.