Domingo PENA, Appellant,

v.

The STATE of Texas, Appellee.

No. 42175.

Court of Criminal Appeals of Texas.

June 25, 1969.

No attorney on appeal for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for theft of property over the value of fifty dollars; the punishment, seven years.

 No appellate brief was filed by retained counsel in the trial court as required by Article 40.09, Sec. 9, Vernon's Ann.C.C.P. However, under Section 13 of the Article the plea of former conviction will be considered as unassigned error.

The plea was filed alleging that Pena had previously been convicted of burglary of a private residence at nighttime with intent to commit theft; that such prosecution arose out of the same transaction, upon which the prosecution for theft in the present case was based. The district attorney agreed that both cases arose out of the same transaction.

Article 1399, V.A.P.C., provides:

"If a house be entered in such manner as to be burglary, and the one guilty of such burglary shall after such entry commit any other offense, he shall be punished for burglary and also for whatever other offense is so committed."

Article 1400, V.A.P.C., provides:

"If the burglary was effected for the purpose of committing one felony, and the one guilty thereof shall while in the house commit another felony, he shall be punishable for any felony so committed as well as for the burglary."

In Clark v. State, 59 Tex.Cr.R. 246, 128 S.W. 131, 29 L.R.A.,N.S., 323, this Court held one having been convicted for burglary may also be convicted for theft committed in connection with the burglary. See Morales v. State, Tex.Cr.App., 416 S.W.2d 403.

 The Supreme Court of the United States, in Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153, held that one convicted for breaking into a post office may also be convicted for stealing property belonging to the Post Office Department, and that the test was not whether the same criminal intent inspires the whole transaction, but whether separate acts have been committed with criminal intent and such are punishable by statute.

No reversible error is presented; the judgment is affirmed.

WOODLEY, P. J., not participating.