In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00232-CR

                                                ______________________________

 

 

                     REGENA NELL ECHOLS GALLAGHAN,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 6th Judicial District Court

                                                             Lamar County, Texas

                                                            Trial
Court No. 22083

 

                                                            
                                      

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                        Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Regena
Nell Echols Gallaghan[1]
appeals the revocation of her community supervision for the underlying offense
of forgery of a financial instrument, repeat offender, and resulting sentence
of six years’ imprisonment.  The State’s
motion to revoke community supervision alleged that Gallaghan “acquire[d] or
otherwise exercise[d] control over, property, to-wit:  electronics, of the value of less than $1,500,
from Josh Benedict, representative of Wal-Mart, the owner thereof, without the
effective consent of the owner,” and failed to pay court costs, community
supervision fees, “Crimestoppers program fee,” attorney’s fees, a $500.00 fine,
and restitution pursuant to her conditions of community supervision.  

            Gallaghan
complains that the indictment for the underlying forgery conviction was fundamentally
defective because the indictment was for “writing forged checks to McCoy’s
Lumber but the checks were apparently to Cavenders.”  Thus, Gallaghan asserts the position that she
“was, therefore, tried for a crime for which she was not indicted, and the
conviction is, therefore, void.” 
Gallaghan further asserts that the evidence is insufficient to prove
that she stole from Wal-Mart (an act which would be a violation of one of the
conditions of her community supervision). 
Finally, Gallaghan maintains that even if the evidence showed that she
failed to pay the court costs, community supervision fees, “Crimestoppers
program fee,” attorney’s fees, a $500.00 fine, and restitution, there was
insufficient evidence to demonstrate that she had the ability to pay those
funds.  

I.          The Underlying Forgery
Indictment Was Not Fundamentally Defective 

            In
this case, count two[2]
of the indictment alleged Gallaghan “pass[ed] to Brian Prichard, as a representative
of McCoy’s Lumber Company, a forged writing knowing such writing to be forged,
and such writing had been so made that it purported to be the act of Sammy
Carroll or Oletha Davis, who did not authorize the act.”  Again, the indictment included copies of the
checks.  However, the checks were made
out to “Cavenders” instead of McCoy’s Lumber and contained the allegedly forged
signature of Osterbuhr, not Carroll or Davis, as stated in the written count.  Pursuant to a plea bargain, Gallaghan pled
guilty to the indictment.  The trial
court’s judgment listed Cavender’s Boot City as the victim of the offense. 

            Gallaghan
cites to several cases in her brief for the proposition that she may complain
on appeal from a community supervision revocation proceeding that the
underlying indictment was fundamentally defective.[3]  These cited cases are from a time when
failure to object to a defect of substance did not waive error on appeal; “[t]he
reasoning was that an indictment that contained a substantive defect was ‘void’
and therefore insufficient to invoke the jurisdiction of the court.”  Teal v.
State, 230 S.W.3d 172, 175 (Tex. Crim. App. 2007).  This is no longer the law.  Id.  A charge is fundamentally defective if it
authorizes a conviction on a set of facts that do not constitute an
offense.  Zuckerman v. State, 591 S.W.2d 495, 496 (Tex. Crim. App. [Panel
Op.] 1979).  “The proper test to
determine if a charging instrument alleges ‘an offense’ is whether the
allegations in it are clear enough that one can identify the offense
alleged.  If they are, then the
indictment is sufficient to confer subject matter jurisdiction.”  Teal,
230 S.W.3d at 180. 

            Gallaghan
does not complain that the indictment failed to allege the offense of
forgery.  Instead, she complains that the
indictment set forth a different forgery—that of Carroll or Davis instead of
Osterbuhr.  

            Thus,
Gallaghan’s complaint is one covered by Article 1.14 of the Texas Code of
Criminal Procedure. 

If the defendant does not object to a defect,
error, or irregularity of form or substance in an indictment or information
before the date on which the trial on the merits commences, he waives and
forfeits the right to object to the defect, error, or irregularity and he may
not raise the objection on appeal or in any other postconviction proceeding.

 

Tex.
Code Crim. Proc. Ann. art. 1.14(b) (West 2005).  Because Gallaghan failed to object to the
defect in the underlying proceeding, her argument has been waived.  Teal,
230 S.W.3d at 178 (“[A]ll substantive defects in indictments are waiveable
under the statutes and these defects do not render the indictment
‘void.’”).  Moreover, Teal instructs us to look at the
indictment as a whole, not to its specific formal requisites.  Id. at
180.  Because the indictment incorporated
the checks (which contained the proper victim of the offense and the correct
name of the signature forged), Gallaghan’s argument that she was convicted “for
committing an offense against a different person from the complaint in the
offense on trial,” must fail. 

            We
overrule this point of error.  

II.        Trial Court Did Not
Abuse Its Discretion in Revoking Community Supervision

            Next,
Gallaghan complains that the evidence was insufficient to prove that she
violated her community supervision by committing another offense.  

            A.        Standard of Review 

            We
will review the trial court’s decision to revoke community supervision for an
abuse of discretion.  Rickels v. State, 202 S.W.3d 759, 763
(Tex. Crim. App. 2006); In re T.R.S.,
115 S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no pet.).  The trial court does not abuse its discretion
if the order revoking community supervision is supported by a preponderance of
the evidence; in other words, if the greater weight of the credible evidence
would create a reasonable belief that the defendant has violated a condition of
his community supervision.  Rickels, 202 S.W.3d at 763–64; T.R.S., 115 S.W.3d at 320–21. 

            Considering
the unique nature of a revocation hearing and the trial court’s broad
discretion in the proceedings, the general standards for reviewing sufficiency
do not apply.  Pierce v. State, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003,
pet. ref’d).  Instead, we review the
trial court’s decision regarding community supervision revocation for an abuse
of discretion and examine the evidence in a light most favorable to the trial
court’s order.  Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); T.R.S., 115 S.W.3d at 321; Pierce, 113 S.W.3d at 436 (citing Garrett v. State, 619 S.W.2d 172, 174
(Tex. Crim. App. [Panel Op.] 1981)).  If
a single ground for revocation is supported by a preponderance of the evidence
and is otherwise valid, then no abuse of discretion is shown.  Sanchez
v. State, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); T.R.S., 115 S.W.3d at 321 (citing Stevens v. State, 900 S.W.2d 348, 351
(Tex. App.—Texarkana 1995, pet. ref’d)). 


            B.        Gallaghan’s Testimony Leads to the
Finding that She Committed Theft

            Gallaghan
argues that her plea of true to the State’s motion to revoke community
supervision was not a plea as to each and every allegation.  Following this argument further, Gallaghan
maintains that the State was required to introduce evidence to prove either that
(1) she committed an offense in violation of the terms of her community
supervision by a preponderance of the evidence, or (2) she had not only the
responsibility to pay the court costs, community supervision fees,
“Crimestoppers program fee,” attorney’s fees, $500.00 fine, and restitution ordered
by the court, she possessed the ability to do so. 

            Gallaghan
filed a written plea to the motion to revoke community supervision, in which
she acknowledged in writing that “each and every allegation” contained in the
“Petition” was “true.”[4]  In open court, Gallaghan was asked:

            THE
COURT:  In Cause Number 22083, which is a
motion to revoke your community supervision, I’m looking at a document entitled
written plea admonishments on motion to revoke community supervision or
petition to proceed to adjudication. 
It’s dated today.  It bears you
and Mr. Massar’s signatures.  I’m going
to show you this document and ask you, do you recall signing this document?

 

            THE
DEFENDANT:  Yes, sir.

 

            .
. . .

 

            THE
COURT:  . . . . Now, you understand, in
each of these documents there is a judicial confession.  In the motions to revoke you’re stating that
you violated the terms and conditions of your probation.  And in the theft of property of under 1,500
with two priors, you’re confessing to the fact that you did commit that offense
and that you have two prior convictions. 
Do you understand that?

 

            THE
DEFENDANT:  Yes, sir.

 

            .
. . .

 

            THE
COURT:  . . . . In Cause Number 22083,
which is a motion to revoke your community supervision, how do you plead, true
or not true?

 

            THE
DEFENDANT:  True. 

 

The theft allegation contained
within the motion to revoke Gallaghan’s community supervision gave rise to a
separate prosecution for theft, in which Gallaghan also pled guilty.[5]  A plea of true, standing alone, is sufficient
to support the revocation of community supervision.  Cole v.
State, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).

            In
addition to Gallaghan’s testimony, her husband, John, testified as well.  John related that Gallaghan “had anger
issues” and became angry upon discovering that DVDs she had purchased from
Wal-Mart “were messed up.”  John
testified further that, “She went to take them back; they refused to take them
because they were already opened.  Well,
she got upset and she did what she had to do.” 
Gallaghan explained that she “got very angry,” “went and got the three
same movies and I traded them out.”  She
testified that her action in attempting to take the new DVDs was “very stupid.”[6]  

            Considering
the record in a light most favorable to the trial court’s ruling, we find that
the greater weight of the credible evidence could create a reasonable belief
that Gallaghan committed theft in violation of the condition of community
supervision requiring her to abstain from committing an offense against the
laws of Texas, we affirm the trial court’s judgment.  Therefore, the trial court did not abuse its
discretion in revoking Gallaghan’s community supervision.[7]  

III.       Conclusion


            We
affirm the trial court’s judgment. 

             

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          June 28, 2011

Date Decided:             July 15, 2011

 

Publish            

 

 











[1]The
court’s judgment in companion case number 06-10-00231-CR refers to Gallaghan
Regena Echols, and in cause number 06-10-00233-CR, she is referred to as Regena
Nell Gallaghan.  To avoid confusion, we
list Gallaghan’s full name in this opinion as well as in our opinions in the
above-referenced companion cases. 





[2]Count
one of the State’s indictment for the underlying offense of forgery alleged
that Gallaghan altered or executed a check “so it is purported to be the act of
Jill Osterbuhr, who did not authorize the act.” 
The indictment contained a copy of the check purporting to bear Jill Osterbuhr’s
signature.  Gallaghan does not complain
about the indictment relating to this count. 

 





[3]See Morgan v. State, 571 S.W.2d 333
(Tex. Crim. App. 1978). 





[4]Gallaghan
asserts that her written judicial confession was not introduced as evidence at
the trial court’s hearing and cannot be considered.  We disagree. 
The written confession signed by Gallaghan was made as part of plea
admonishments—State’s Exhibit No. 1—filed with the district clerk and included
in the clerk’s record that is before us.  We review the entire record when reviewing
complaints regarding sufficiency of the evidence.  Jackson v. Virginia,
443 U.S. 307, 334 (1979).





[5]Gallaghan’s
pleas on her motion to revoke in this cause, as well as a motion to revoke in
another cause for an underlying offense of credit/debit card abuse, and the
separate theft charge arising from the Wal-Mart incident were all heard simultaneously.  Filing separate briefs, Gallaghan appealed
the trial court’s revocation of community supervision for credit/debit card
abuse in our cause number 06-10-00231-CR, as well as her conviction for theft
in cause number 06-10-00233-CR.  





[6]Gallaghan
argues that her testimony did not establish that she left the store with the
DVDs or that the offense was committed in the “county where the trial [was]
sought.”  However, theft is unlawful
appropriation, or taking, of property with the intent to deprive the owner of
the property.  Tex. Penal Code Ann. § 31.03(a) (West 2011).  “[A]sportation--the act of carrying away or
removing property--is not an element of statutory theft.”  Hawkins
v. State, 214 S.W.3d 668, 670 (Tex. App.—Waco 2007, no pet.); see Nautilus
Ins. Co. v. Steinberg, 316 S.W.3d 752, 756 (Tex. App.––Dallas 2010, pet.
denied) (citing Hill v. State, 633
S.W.2d 520, 521 (Tex. Crim. App. 1982)); see
also Edwards v. State, 440 S.W.2d 648, 649 (Tex. Crim. App. 1969).  Also, because the conditions of Gallaghan’s
community supervision prevented her from committing an offense “against the
laws of this State, or any other State or of the United States,” the theft was
not required to be committed in Lamar County for the purposes of the revocation
proceeding.

 





[7]Because
the ground alleging Gallaghan violated her community supervision by committing
theft was supported by a preponderance of the evidence, we need not reach
Gallaghan’s complaints that the State failed to prove she had the ability to
pay the court costs, community supervision fees, “Crimestoppers program fee,”
attorney’s fees, $500.00 fine, and restitution imposed by the conditions of
community supervision.