

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00232-CR

_____

REGENA NELL ECHOLS GALLAGHAN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 22083

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

MEMORANDUM OPINION

Regena Nell Echols Gallaghan[1] appeals the revocation of her community supervision for the underlying offense of forgery of a financial instrument, repeat offender, and resulting sentence of six years' imprisonment. The State's motion to revoke community supervision alleged that Gallaghan "acquire[d] or otherwise exercise[d] control over, property, to-wit: electronics, of the value of less than $1,500, from Josh Benedict, representative of Wal-Mart, the owner thereof, without the effective consent of the owner," and failed to pay court costs, community supervision fees, "Crimestoppers program fee," attorney's fees, a $500.00 fine, and restitution pursuant to her conditions of community supervision.

Gallaghan complains that the indictment for the underlying forgery conviction was fundamentally defective because the indictment was for "writing forged checks to McCoy's Lumber but the checks were apparently to Cavenders." Thus, Gallaghan asserts the position that she "was, therefore, tried for a crime for which she was not indicted, and the conviction is, therefore, void." Gallaghan further asserts that the evidence is insufficient to prove that she stole from Wal-Mart (an act which would be a violation of one of the conditions of her community supervision). Finally, Gallaghan maintains that even if the evidence showed that she failed to pay the court costs, community supervision fees, "Crimestoppers program fee," attorney's fees, a

---

[1]The court's judgment in companion case number 06-10-00231-CR refers to Gallaghan Regena Echols, and in cause number 06-10-00233-CR, she is referred to as Regena Nell Gallaghan. To avoid confusion, we list Gallaghan's full name in this opinion as well as in our opinions in the above-referenced companion cases.

$500.00 fine, and restitution, there was insufficient evidence to demonstrate that she had the ability to pay those funds.

**I.      The Underlying Forgery Indictment Was Not Fundamentally Defective**

In this case, count two[2] of the indictment alleged Gallaghan "pass[ed] to Brian Prichard, as a representative of McCoy's Lumber Company, a forged writing knowing such writing to be forged, and such writing had been so made that it purported to be the act of Sammy Carroll or Oletha Davis, who did not authorize the act."  Again, the indictment included copies of the checks.  However, the checks were made out to "Cavenders" instead of McCoy's Lumber and contained the allegedly forged signature of Osterbuhr, not Carroll or Davis, as stated in the written count.  Pursuant to a plea bargain, Gallaghan pled guilty to the indictment.  The trial court's judgment listed Cavender's Boot City as the victim of the offense.

Gallaghan cites to several cases in her brief for the proposition that she may complain on appeal from a community supervision revocation proceeding that the underlying indictment was fundamentally defective.[3]   These cited cases are from a time when failure to object to a defect of substance did not waive error on appeal; "[t]he reasoning was that an indictment that contained a substantive defect was 'void' and therefore insufficient to invoke the jurisdiction of the court."

---

[2]Count one of the State's indictment for the underlying offense of forgery alleged that Gallaghan altered or executed a check "so it is purported to be the act of Jill Osterbuhr, who did not authorize the act."  The indictment contained a copy of the check purporting to bear Jill Osterbuhr's signature.  Gallaghan does not complain about the indictment relating to this count.

[3]*See Morgan v. State*, 571 S.W.2d 333 (Tex. Crim. App. 1978).

*Teal v. State*, 230 S.W.3d 172, 175 (Tex. Crim. App. 2007). This is no longer the law. *Id.* A charge is fundamentally defective if it authorizes a conviction on a set of facts that do not constitute an offense. *Zuckerman v. State*, 591 S.W.2d 495, 496 (Tex. Crim. App. [Panel Op.] 1979). "The proper test to determine if a charging instrument alleges 'an offense' is whether the allegations in it are clear enough that one can identify the offense alleged. If they are, then the indictment is sufficient to confer subject matter jurisdiction." *Teal*, 230 S.W.3d at 180.

Gallaghan does not complain that the indictment failed to allege the offense of forgery. Instead, she complains that the indictment set forth a different forgery—that of Carroll or Davis instead of Osterbuhr.

Thus, Gallaghan's complaint is one covered by Article 1.14 of the Texas Code of Criminal Procedure.

> If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.

TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2005). Because Gallaghan failed to object to the defect in the underlying proceeding, her argument has been waived. *Teal*, 230 S.W.3d at 178 ("[A]ll substantive defects in indictments are waiveable under the statutes and these defects do not render the indictment 'void.'"). Moreover, *Teal* instructs us to look at the indictment as a whole, not to its specific formal requisites. *Id.* at 180. Because the indictment incorporated the checks

4

(which contained the proper victim of the offense and the correct name of the signature forged), Gallaghan's argument that she was convicted "for committing an offense against a different person from the complaint in the offense on trial," must fail.

We overrule this point of error.

## II. Trial Court Did Not Abuse Its Discretion in Revoking Community Supervision

Next, Gallaghan complains that the evidence was insufficient to prove that she violated her community supervision by committing another offense.

### A. Standard of Review

We will review the trial court's decision to revoke community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *In re T.R.S.*, 115 S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no pet.). The trial court does not abuse its discretion if the order revoking community supervision is supported by a preponderance of the evidence; in other words, if the greater weight of the credible evidence would create a reasonable belief that the defendant has violated a condition of his community supervision. *Rickels*, 202 S.W.3d at 763–64; *T.R.S.*, 115 S.W.3d at 320–21.

Considering the unique nature of a revocation hearing and the trial court's broad discretion in the proceedings, the general standards for reviewing sufficiency do not apply. *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd). Instead, we review the trial court's decision regarding community supervision revocation for an abuse of discretion and

5

examine the evidence in a light most favorable to the trial court's order. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *T.R.S.*, 115 S.W.3d at 321; *Pierce*, 113 S.W.3d at 436 (citing *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981)). If a single ground for revocation is supported by a preponderance of the evidence and is otherwise valid, then no abuse of discretion is shown. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *T.R.S.*, 115 S.W.3d at 321 (citing *Stevens v. State*, 900 S.W.2d 348, 351 (Tex. App.—Texarkana 1995, pet. ref'd)).

## B.      Gallaghan's Testimony Leads to the Finding that She Committed Theft

Gallaghan argues that her plea of true to the State's motion to revoke community supervision was not a plea as to each and every allegation. Following this argument further, Gallaghan maintains that the State was required to introduce evidence to prove either that (1) she committed an offense in violation of the terms of her community supervision by a preponderance of the evidence, or (2) she had not only the responsibility to pay the court costs, community supervision fees, "Crimestoppers program fee," attorney's fees, $500.00 fine, and restitution ordered by the court, she possessed the ability to do so.

Gallaghan filed a written plea to the motion to revoke community supervision, in which she acknowledged in writing that "each and every allegation" contained in the "Petition" was "true."[4] In open court, Gallaghan was asked:

---

[4]Gallaghan asserts that her written judicial confession was not introduced as evidence at the trial court's hearing and cannot be considered. We disagree. The written confession signed by Gallaghan was made as part of plea

6

THE COURT:   In Cause Number 22083, which is a motion to revoke your community supervision, I'm looking at a document entitled written plea admonishments on motion to revoke community supervision or petition to proceed to adjudication.   It's dated today.   It bears you and Mr. Massar's signatures.   I'm going to show you this document and ask you, do you recall signing this document?

THE DEFENDANT:   Yes, sir.

. . . .

THE COURT:   . . . . Now, you understand, in each of these documents there is a judicial confession.   In the motions to revoke you're stating that you violated the terms and conditions of your probation.   And in the theft of property of under 1,500 with two priors, you're confessing to the fact that you did commit that offense and that you have two prior convictions.   Do you understand that?

THE DEFENDANT:   Yes, sir.

. . . .

THE COURT:   . . . . In Cause Number 22083, which is a motion to revoke your community supervision, how do you plead, true or not true?

THE DEFENDANT:   True.

The theft allegation contained within the motion to revoke Gallaghan's community supervision gave rise to a separate prosecution for theft, in which Gallaghan also pled guilty.[5]   A plea of true,

admonishments—State's Exhibit No. 1—filed with the district clerk and included in the clerk's record that is before us.   We review the entire record when reviewing complaints regarding sufficiency of the evidence. *Jackson v. Virginia*, 443 U.S. 307, 334 (1979).

[5]Gallaghan's pleas on her motion to revoke in this cause, as well as a motion to revoke in another cause for an underlying offense of credit/debit card abuse, and the separate theft charge arising from the Wal-Mart incident were all heard simultaneously.   Filing separate briefs, Gallaghan appealed the trial court's revocation of community supervision for credit/debit card abuse in our cause number 06-10-00231-CR, as well as her conviction for theft in cause number 06-10-00233-CR.

standing alone, is sufficient to support the revocation of community supervision. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).

In addition to Gallaghan's testimony, her husband, John, testified as well. John related that Gallaghan "had anger issues" and became angry upon discovering that DVDs she had purchased from Wal-Mart "were messed up." John testified further that, "She went to take them back; they refused to take them because they were already opened. Well, she got upset and she did what she had to do." Gallaghan explained that she "got very angry," "went and got the three same movies and I traded them out." She testified that her action in attempting to take the new DVDs was "very stupid."[6]

Considering the record in a light most favorable to the trial court's ruling, we find that the greater weight of the credible evidence could create a reasonable belief that Gallaghan committed theft in violation of the condition of community supervision requiring her to abstain from

---

[6]Gallaghan argues that her testimony did not establish that she left the store with the DVDs or that the offense was committed in the "county where the trial [was] sought." However, theft is unlawful appropriation, or taking, of property with the intent to deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03(a) (West 2011). "[A]sportation--the act of carrying away or removing property--is not an element of statutory theft." *Hawkins v. State*, 214 S.W.3d 668, 670 (Tex. App.—Waco 2007, no pet.); *see Nautilus Ins. Co. v. Steinberg*, 316 S.W.3d 752, 756 (Tex. App.—Dallas 2010, pet. denied) (citing *Hill v. State*, 633 S.W.2d 520, 521 (Tex. Crim. App. 1982)); *see also Edwards v. State*, 440 S.W.2d 648, 649 (Tex. Crim. App. 1969). Also, because the conditions of Gallaghan's community supervision prevented her from committing an offense "against the laws of this State, or any other State or of the United States," the theft was not required to be committed in Lamar County for the purposes of the revocation proceeding.

committing an offense against the laws of Texas, we affirm the trial court's judgment.   Therefore, the trial court did not abuse its discretion in revoking Gallaghan's community supervision.[7]

## III.    Conclusion

We affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:      June 28, 2011
Date Decided:        July 15, 2011

Publish

---

[7]Because the ground alleging Gallaghan violated her community supervision by committing theft was supported by a preponderance of the evidence, we need not reach Gallaghan's complaints that the State failed to prove she had the ability to pay the court costs, community supervision fees, "Crimestoppers program fee," attorney's fees, $500.00 fine, and restitution imposed by the conditions of community supervision.