In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00231-CR

                                                ______________________________

 

 

                     REGENA NELL ECHOLS GALLAGHAN,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the Sixth
Judicial District Court

                                                             Lamar County, Texas

                                                            Trial
Court No. 22356

 

                                                          
                                        

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            During her
revocation[1]
hearing, Regena Nell Echols Gallaghan[2]
testified that, when her local Wal-mart store refused to take back three DVDs
she had purchased, but that “were messed up,” she “got very angry” and
personally “traded them out” for the same titles from the shelves of the
store.  She acknowledged that her action
in doing so was “very stupid.”  The
State’s motion to revoke Gallaghan’s community supervision alleged that she was
guilty of theft of the “traded” DVDs and that she had failed to pay court
costs, attorney’s fees, and a fine pursuant to the conditions of her community
supervision.  Gallaghan appeals the
revocation of her community supervision asserting that the evidence is
insufficient to prove either that she stole from Wal-Mart in violation of the
conditions of her community supervision or that she had the ability to pay the
court costs, attorney’s fees, and fine. 
Because we find that the greater weight of the credible evidence could
create a reasonable belief that Gallaghan committed theft in violation of the
condition of community supervision requiring her to abstain from committing an
offense against the laws of Texas, we affirm the trial court’s judgment.  

            We review the trial court’s
decision to revoke community supervision for an abuse of discretion.  Rickels
v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); In re T.R.S., 115 S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no
pet.).  The trial court does not abuse
its discretion if the order revoking community supervision is supported by a
preponderance of the evidence; in other words, if the greater weight of the
credible evidence would create a reasonable belief that the defendant has
violated a condition of his or her community supervision.  Rickels,
202 S.W.3d at 763–64; T.R.S., 115
S.W.3d at 320–21.  We examine the evidence
in a light most favorable to the trial court’s order.  Cardona
v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); T.R.S., 115 S.W.3d at 321; Pierce
v. State, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref’d)
(citing Garrett v. State, 619 S.W.2d
172, 174 (Tex. Crim. App. [Panel Op.] 1981)).  If a single ground for revocation is supported
by a preponderance of the evidence and is otherwise valid, then no abuse of
discretion is shown.  Sanchez v. State, 603 S.W.2d 869, 871
(Tex. Crim. App. [Panel Op.] 1980); T.R.S.,
115 S.W.3d at 321 (citing Stevens v.
State, 900 S.W.2d 348, 351 (Tex. App.—Texarkana 1995, pet. ref’d)).

            Gallaghan
argues that her plea of true to the State’s motion to revoke community
supervision was not a plea as to each and every allegation.  Thus, she argues that the State was required
to introduce evidence to prove by a preponderance of the evidence that she
committed an offense in violation of the terms of her community supervision or
that she had the ability to pay, but did not pay the court costs, attorney’s
fees, and fines ordered by the court.

            Gallaghan filed a
written plea to the motion to revoke community supervision, in which she
acknowledged in writing that “each and every allegation” contained in the
“Petition” was “true.”[3]  Gallaghan also pled “true” in open court:

            THE
COURT:  Okay.  Ma’am, on Cause Number 22356, which is a
motion to revoke your community supervision, how do you plead, true—that you
violated the terms and conditions of your community supervision, are those
allegations true or not true?

 

            DEFENDANT:  True.

 

The theft allegation contained within the motion to revoke Gallaghan’s
community supervision gave rise to a separate prosecution for theft, in which
Gallaghan also pled guilty.[4]  A plea of true, standing alone, is sufficient
to support the revocation of community supervision.  Cole v.
State, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).

            Also,
Gallaghan’s husband, John, testified that Gallaghan “had anger issues” and
became angry on discovering that DVDs she had purchased from Wal-Mart “were
messed up.”  John testified, “She went to
take them back; they refused to take them because they were already opened.  Well, she got upset and she did what she had
to do.”  Gallaghan, herself, testified
that she “traded [the DVDs] out.”[5]  

            Considering
the record in a light most favorable to the trial court’s ruling, the trial
court could have found that the State met its burden to prove by a
preponderance of the evidence that Gallaghan committed theft, either by the
written and oral pleas of “true,” or through the testimony of Gallaghan and her
husband.  Therefore, the trial court did
not abuse its discretion in revoking Gallaghan’s community supervision.[6]

            We affirm
the judgment of the trial court.

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          June
28, 2011  

Date Decided:             July
15, 2011

 

Do Not Publish











[1]Gallaghan’s
community supervision resulted from her original conviction for the underlying
offense of credit/debit card abuse, repeat offender, and resulting sentence of
six years’ confinement with a $480.00 fine. 

 





[2]The
court’s judgment in this case refers to Gallaghan as Regena Echols.  In companion case number 06-10-00232-CR, the
judgment refers to her as Regena Nells Echols Gallaghan, and in cause number
06-10-00233-CR, she is referred to as Regena Nell Gallaghan.  To avoid confusion, we list Gallaghan’s full
name in this opinion as well as in our opinions in the above-referenced
companion cases.





[3]Gallaghan
asserts that her written judicial confession was not introduced as evidence at
the trial court’s hearing and cannot be considered.  We disagree. 
The written confession signed by Gallaghan was made as part of plea
admonishments—State’s Exhibit No. 1—filed with the district clerk and included
in the clerk’s record that is before us. 
We review the entire record when reviewing complaints regarding sufficiency
of the evidence.  Jackson v. Virginia, 443 U.S. 307, 334 (1979).

 





[4]Gallaghan’s
pleas on her motion to revoke in this cause, as well as a motion to revoke in
another cause for an underlying offense of forgery, and the separate theft
charge arising from the Wal-Mart incident were all heard simultaneously.  Filing separate briefs, Gallaghan appealed
the trial court’s revocation of community supervision for forgery in our cause
number 06-10-00232-CR, as well as her conviction for theft in cause number 06-10-00233-CR.

 





[5]Gallaghan
argues that her testimony did not establish that she left the store with the
DVDs or that the offense was committed in the “county where the trial was
sought.”  However, theft is unlawful
appropriation, or taking, of property with the intent to deprive the owner of
the property.  Tex. Penal Code Ann. § 31.03(a) (West 2011).  “[A]sportation--the act of carrying away or
removing property--is not an element of statutory theft.”  Hawkins
v. State, 214 S.W.3d 668, 670 (Tex. App.—Waco 2007, no pet.); see Nautilus Ins. Co. v. Steinberg, 316
S.W.3d 752, 756 (Tex. App.—Dallas 2010, pet. denied) (citing Hill v. State, 633 S.W.2d 520, 521 (Tex.
Crim. App. 1982)); see also Edwards v.
State, 440 S.W.2d 648, 649 (Tex. Crim. App. 1969).  Also, because the conditions of Gallaghan’s
community supervision prevented her from committing an offense “against the
laws of this State, or any other State or of the United States,” the theft was
not required to be committed in Lamar County for the purposes of the revocation
proceeding.

 





[6]Because
the ground alleging Gallaghan violated her community supervision by committing
theft was supported by a preponderance of the evidence, we need not reach
Gallaghan’s complaints that the State failed to prove she had the ability to
pay the court costs, attorney’s fees, and fines imposed by the conditions of
community supervision.