

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-10-00231-CR

_____

REGENA NELL ECHOLS GALLAGHAN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Sixth Judicial District Court
Lamar County, Texas
Trial Court No. 22356

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

During her revocation[1] hearing, Regena Nell Echols Gallaghan[2] testified that, when her local Wal-mart store refused to take back three DVDs she had purchased, but that "were messed up," she "got very angry" and personally "traded them out" for the same titles from the shelves of the store. She acknowledged that her action in doing so was "very stupid." The State's motion to revoke Gallaghan's community supervision alleged that she was guilty of theft of the "traded" DVDs and that she had failed to pay court costs, attorney's fees, and a fine pursuant to the conditions of her community supervision. Gallaghan appeals the revocation of her community supervision asserting that the evidence is insufficient to prove either that she stole from Wal-Mart in violation of the conditions of her community supervision or that she had the ability to pay the court costs, attorney's fees, and fine. Because we find that the greater weight of the credible evidence could create a reasonable belief that Gallaghan committed theft in violation of the condition of community supervision requiring her to abstain from committing an offense against the laws of Texas, we affirm the trial court's judgment.

We review the trial court's decision to revoke community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *In re T.R.S.*, 115

---

[1] Gallaghan's community supervision resulted from her original conviction for the underlying offense of credit/debit card abuse, repeat offender, and resulting sentence of six years' confinement with a $480.00 fine.

[2] The court's judgment in this case refers to Gallaghan as Regena Echols. In companion case number 06-10-00232-CR, the judgment refers to her as Regena Nells Echols Gallaghan, and in cause number 06-10-00233-CR, she is referred to as Regena Nell Gallaghan. To avoid confusion, we list Gallaghan's full name in this opinion as well as in our opinions in the above-referenced companion cases.

S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no pet.). The trial court does not abuse its discretion if the order revoking community supervision is supported by a preponderance of the evidence; in other words, if the greater weight of the credible evidence would create a reasonable belief that the defendant has violated a condition of his or her community supervision. *Rickels*, 202 S.W.3d at 763–64; *T.R.S.*, 115 S.W.3d at 320–21. We examine the evidence in a light most favorable to the trial court's order. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *T.R.S.*, 115 S.W.3d at 321; *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd) (citing *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981)). If a single ground for revocation is supported by a preponderance of the evidence and is otherwise valid, then no abuse of discretion is shown. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *T.R.S.*, 115 S.W.3d at 321 (citing *Stevens v. State*, 900 S.W.2d 348, 351 (Tex. App.—Texarkana 1995, pet. ref'd)).

Gallaghan argues that her plea of true to the State's motion to revoke community supervision was not a plea as to each and every allegation. Thus, she argues that the State was required to introduce evidence to prove by a preponderance of the evidence that she committed an offense in violation of the terms of her community supervision or that she had the ability to pay, but did not pay the court costs, attorney's fees, and fines ordered by the court.

3

Gallaghan filed a written plea to the motion to revoke community supervision, in which she acknowledged in writing that "each and every allegation" contained in the "Petition" was "true."[3] Gallaghan also pled "true" in open court:

> THE COURT: Okay. Ma'am, on Cause Number 22356, which is a motion to revoke your community supervision, how do you plead, true—that you violated the terms and conditions of your community supervision, are those allegations true or not true?
>
> DEFENDANT: True.

The theft allegation contained within the motion to revoke Gallaghan's community supervision gave rise to a separate prosecution for theft, in which Gallaghan also pled guilty.[4] A plea of true, standing alone, is sufficient to support the revocation of community supervision. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).

Also, Gallaghan's husband, John, testified that Gallaghan "had anger issues" and became angry on discovering that DVDs she had purchased from Wal-Mart "were messed up." John testified, "She went to take them back; they refused to take them because they were already

---

[3] Gallaghan asserts that her written judicial confession was not introduced as evidence at the trial court's hearing and cannot be considered. We disagree. The written confession signed by Gallaghan was made as part of plea admonishments—State's Exhibit No. 1—filed with the district clerk and included in the clerk's record that is before us. We review the entire record when reviewing complaints regarding sufficiency of the evidence. *Jackson v. Virginia*, 443 U.S. 307, 334 (1979).

[4] Gallaghan's pleas on her motion to revoke in this cause, as well as a motion to revoke in another cause for an underlying offense of forgery, and the separate theft charge arising from the Wal-Mart incident were all heard simultaneously. Filing separate briefs, Gallaghan appealed the trial court's revocation of community supervision for forgery in our cause number 06-10-00232-CR, as well as her conviction for theft in cause number 06-10-00233-CR.

4

opened. Well, she got upset and she did what she had to do." Gallaghan, herself, testified that she "traded [the DVDs] out."[5]

Considering the record in a light most favorable to the trial court's ruling, the trial court could have found that the State met its burden to prove by a preponderance of the evidence that Gallaghan committed theft, either by the written and oral pleas of "true," or through the testimony of Gallaghan and her husband. Therefore, the trial court did not abuse its discretion in revoking Gallaghan's community supervision.[6]

We affirm the judgment of the trial court.

Josh R. Morriss, III
Chief Justice

Date Submitted:      June 28, 2011
Date Decided:        July 15, 2011

Do Not Publish

---

[5]Gallaghan argues that her testimony did not establish that she left the store with the DVDs or that the offense was committed in the "county where the trial was sought." However, theft is unlawful appropriation, or taking, of property with the intent to deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03(a) (West 2011). "[A]sportation--the act of carrying away or removing property--is not an element of statutory theft." *Hawkins v. State*, 214 S.W.3d 668, 670 (Tex. App.—Waco 2007, no pet.); *see Nautilus Ins. Co. v. Steinberg*, 316 S.W.3d 752, 756 (Tex. App.—Dallas 2010, pet. denied) (citing *Hill v. State*, 633 S.W.2d 520, 521 (Tex. Crim. App. 1982)); *see also Edwards v. State*, 440 S.W.2d 648, 649 (Tex. Crim. App. 1969). Also, because the conditions of Gallaghan's community supervision prevented her from committing an offense "against the laws of this State, or any other State or of the United States," the theft was not required to be committed in Lamar County for the purposes of the revocation proceeding.

[6]Because the ground alleging Gallaghan violated her community supervision by committing theft was supported by a preponderance of the evidence, we need not reach Gallaghan's complaints that the State failed to prove she had the ability to pay the court costs, attorney's fees, and fines imposed by the conditions of community supervision.