

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-10-00233-CR

_____


REGENA NELL ECHOLS GALLAGHAN, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 23960



Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Regena Nell Echols Gallaghan[1] appeals her conviction of theft of DVDs from Wal-Mart in an amount less than $1,500.00 with two prior convictions, and her resulting sentence of confinement for twenty-four months within a state jail facility. Gallaghan argues that the evidence was legally insufficient to support the trial court's judgment.[2] We affirm the trial court's judgment.

Under Article 1.15, the State is required to introduce evidence demonstrating the defendant's guilt. TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005). "[S]o long as it embraces every constituent element of the charged offense" and confesses to the truth and correctness of the indictment or otherwise provides substance to the plea, a judicial confession alone is sufficient to satisfy the requirements of Article 1.15. *Menefee v. State*, 287 S.W.3d 9, 13–15 (Tex. Crim. App. 2009). Furthermore, upon a plea of "true" to enhancements contained in the indictment, the State's burden of proof to show that prior convictions were final and that the defendant was the person previously convicted is satisfied, and a defendant cannot complain on

---

[1]The court's judgment in this case refers to Gallaghan as Regena Nell Gallaghan. In companion cause number 06-10-00231-CR, the judgment refers to her as Regena Echols, and in cause number 06-10-00232-CR, she is referred to as Regena Nells Echols Gallaghan. To avoid confusion, we list Gallaghan's full name in this opinion as well as in our opinions in the above-referenced companion cases.

[2]Gallaghan argues the evidence is legally and factually insufficient. In the *Brooks v. State* plurality opinion, the Texas Court of Criminal Appeals found "no meaningful distinction" between the legal sufficiency standard and factual sufficiency standard. *Brooks v. State*, 323 S.W.3d 893, 902 (Tex. Crim. App. 2010) (plurality opinion). A plurality of the Texas Court of Criminal Appeals abolished the factual sufficiency review. *Id*. Since the Texas Court of Criminal Appeals has abolished factual sufficiency review, we need not address Gallaghan's challenge to the factual sufficiency of the evidence.

appeal that the evidence is insufficient to support the enhancements. *Wilson v. State*, 671 S.W.2d 524, 525 (Tex. Crim. App. 1984).

In this case, Gallaghan signed a written judicial confession stating that she was "guilty of each and every act as alleged" in the State's indictment. Gallaghan further provided, "All of the facts alleged in the indictment or information are true and correct. . . . Any enhancement and habitual allegations set forth in the indictment, if any, are true and correct." In open court, the following exchange occurred:

> THE COURT: Okay. . . . And in the theft of property of under 1,500 with two priors, you're confessing to the fact that you did commit that offense and that you have two prior convictions. Do you understand that?
>
> THE DEFENDANT: Yes, sir.

After proper admonishments, Gallaghan entered the following pleas:

> THE COURT: In Cause Number 23960, in which you're charged with theft of property under $1,500, how do you plead, guilty or not guilty?
>
> THE DEFENDANT: Guilty.
>
> THE COURT: As to the allegations that you have two prior convictions, is that true or not true?
>
> THE DEFENDANT: True.

In addition to the written judicial confession[3] and open plea of guilty, the trial court heard testimony of the theft. Gallaghan's husband, John, testified that Gallaghan "had anger issues"

---

[3]Gallaghan complains that the written judicial confession contained within the clerk's record was not received into evidence at the trial court's hearing and cannot be considered. However, we review the entire record when reviewing

and became angry upon discovering that DVDs she had purchased from Wal-Mart "were messed up." John testified, "She went to take them back; they refused to take them because they were already opened. Well, she got upset and she did what she had to do." Gallaghan explained that she "got very angry," "went and got the three same movies and I traded them out." She testified that her action in attempting to take the new DVDs was "very stupid."[4]

An offense of theft is punishable as a state jail felony if "the value of the property stolen is less than $1,500 and the defendant has been previously convicted two or more times of any grade of theft." TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West 2011). The indictment alleged Gallaghan "had been twice convicted of theft . . . on or about July 5, 2001 in the County Court of Limestone County, Texas, in cause number 25757," was convicted of "Theft of Property More Than $20 But Less Than $500 by Check . . . on or about May 2, 2003 in the County Court of Limestone County, Texas, in cause number 27672," and was "convicted of the offense of Theft of

---

complaints regarding sufficiency of the evidence. *Jackson v. Virginia*, 443 U.S. 307, 334 (1979). In cause number 23960, the trial court admitted into evidence a document which included the admonishments and judicial confession (marked as State's Exhibit No. 1) and it was filed with the district clerk and made a part of the record of this proceeding.

[4]Gallaghan argues that her testimony did not establish that she left the store with the DVDs or that the offense was committed in Lamar County. However, theft is unlawful appropriation, or taking, of property with the intent to deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03(a) (West 2011). "[A]sportation--the act of carrying away or removing property--is not an element of statutory theft." *Hawkins v. State*, 214 S.W.3d 668, 670 (Tex. App.—Waco 2007, no pet.); *see Nautilus Ins. Co. v. Steinberg*, 316 S.W.3d 752, 756 (Tex. App.—Dallas 2010, pet. denied) (citing *Hill v. State*, 633 S.W.2d 520, 521 (Tex. Crim. App. 1982)); *see also Edwards v. State*, 440 S.W.2d 648, 649 (Tex. Crim. App. 1969). Also, Gallaghan judicially confessed to the State's indictment which alleged that the theft occurred in Lamar County.

Service More Than $500 But Less Than $1,500."[5]   Gallaghan argues that because the trial court did not read the enhancement allegations prior to her plea that they were true, "it is impossible to tell from the record whether [she] was acknowledging that she had the convictions as alleged in the enhancement paragraphs or whether she was simply acknowledging that she had two prior felony convictions."

Gallaghan clarified this point in her testimony:

Q.      . . . . You also pled true to the two prior theft convictions, correct?

A.      Yes.

Q.      One was theft by check.   The other was theft by service in 2001 and 2003, correct?

A.      Yes, sir.

Q.      Are those true?

A.      Yes.

After a review of the record, we conclude the trial court's judgment was supported by legally sufficient evidence.

We affirm the trial court's judgment.


Jack Carter
Justice

---

[5]Judgments of convictions in these cause numbers were included in the record.

Date Submitted:     June 28, 2011
Date Decided:       July 15, 2011

Do Not Publish