## CHARLES PRIM *v.* THE STATE.

1—In indictments for theft, under our statute, it is not necessary to allege an asportation or carrying away of the property stolen.

2—In prosecutions for theft, our Code has dispensed with the common law word "feloniously," and has substituted the word "fraudulently" as expressive of the criminal taking.

3—Asportation or removal of the property is not necessary to constitue the crime of theft in this State.

APPEAL from Smith.

The indictment charged "that Charles Prim, late of the county of Smith, on the twentieth day of March, in the year 1868, did, in the said county of Smith, fraudulently take from the possession of W. T. McAfee, one horse of the value of $150, said horse being the corporeal personal property of the said W. T. McAfee, and without his consent, with intent to deprive the owner of the value of said horse, and to appropriate him to the use of the said Charles Prim, against the peace and dignity of the State."

The defendant excepted to the indictment, because "it did not charge that a felony had been committed;" and because the word "feloniously" does not appear in it; and because no felonious intent is charged in it, and because no asportation is alleged or charged.

The exceptions were overruled and the defendant was convicted, and his punishment assessed by the jury at fifteen years in the penitentiary.

A motion in arrest of judgment, for the same causes in substance as those set out in the exceptions, was made and overruled, and the defendant appealed.

No brief for the appellant.

*W. H. Andrews*, Acting Attorney General, for the State.

LINDSAY, J.—The indictment is complained of in this prosecution for vagueness and uncertainty, in not alleging, in apt language, an offense known to the law; and in not alleging the asportation of the property charged to have been taken by the defendant in the prosecution. Unlike the common law, the Criminal Code of this State in prosecutions for theft has dispensed with the use of the word "feloniously" in indictments for that crime, and has substituted the word "fraudulently," as expressive of the wrongful or criminal taking, and has superadded other words to constitute the definition of the offense. If the charge in the indictment declares, in language easily to

be understood, the "fraudulent" taking of corporeal personal property, belonging to another, from his possession, or from that of some other person holding for him, without his consent, with intent to deprive him of the value of it, and to appropriate it to the use of such taker, the requirements of the Code are sufficiently complied with. This indictment fulfils this condition entirely, and is not obnoxious to the objection urged. It is not necessary that the asportation of the property so "taken," or "stolen"—convertible terms in the statute when effected under circumstances and in the manner above indicated—should be alleged in the indictment at all. Asportation is not indispensable to constitute the offense of theft. The offense may be complete without the removal of the property.

The judgment of the court below is affirmed.

Affirmed.