## FRANK HALL v. THE STATE.

1. THEFT—CHARGE OF THE COURT.—Upon a trial for theft of a hog, it is not error to instruct the jury that "killing the property of another is a sufficient taking to constitute theft, if the killing was done with the intent to deprive the owner of it, and to appropriate it to the use of the person killing."
2. ASPORTATION—THEFT.—The "carrying away," or "asportation," which constitutes an essential element in larceny at common law, is not necessary, under our statute, to complete the offense..

APPEAL from Williamson. Tried below before the Hon. E. B. Turner.

*Makemson & Posey*, for appellant.

*George Clark, Attorney General*, for the State.

GOULD, ASSOCIATE JUSTICE.—The appellant was convicted of the theft of two hogs, and his punishment fixed at two years' imprisonment in the penitentiary. It is contended that the court erred in giving the following charge : "Killing the property of another is sufficient taking to constitute theft, if the killing was done with the intent to deprive the owner of it, and to appropriate it to the use of the person taking."

Our statute defines theft as " the fraudulent taking of corporeal personal property belonging to another from his possession, or from the possession of some person holding the same for him, without his consent, with intent to deprive the owner of the value of the same, and to appropriate it to the use or benefit of the person taking." Pas. Dig., arts. 2381, 2384, are as follows : " To constitute 'taking,' it is not necessary that the property be removed any distance from the place of taking: it is sufficient that it has been in the possession of the thief, though it may not be removed out of the presence of the person deprived of it; nor is it necessary that any definite length of time shall

elapse between the taking and the discovery thereof.   If
but a moment elapse, the offense of theft is complete."
The "carrying away," or "asportation," which constituted
an essential element of larceny at common law, is not
necessary, under our statute, to complete the offense.
(Prim *v*. State, 32 Tex., 157; Musquez *v*. State, decided at
the present term.)   The many nice distinctions in the old
common-law authorities, as to what constitutes a sufficient
asportation, are thus inapplicable to theft, as defined in the
code.   We think the rule that the statutory offense of steal-
ing domestic animals extended only to the stealing of such
animals in a live state, and that therefore the killing and
stealing a sheep is but simple larceny, and the indictment
should either state it to be dead or describe it as so much
mutton, (2 Arch. Cr. Prac., 401,) was the logical sequence
of asportation, being essential to constitute larceny; and
that is no longer of force with us.

The existence of the rule led to statutory enactments in
England punishing the killing of cattle with the intent to
steal the carcass.   (2 Arch. Cr. Prac., 401; ref. to 7 and
8 Geo. IV, c. 29, sec. 25.)

We think that, under our statute, where the circum-
stances show the intent to steal, the offense of theft may
be complete with the killing.   A case may be imagined
where the animal is killed with the intent requisite to con-
stitute theft, and yet it might not come into the possession
or under the control of the thief, but might at the time be
and remain in the possession of the owner.   It is not ne-
cessary to hold the theft complete under such circum-
stances, in order to support the charge in this case.   The
charge must be taken with reference to the facts of the
case.   The hogs were killed in the woods, out of the im-
mediate custody of the owner.   By the act of killing, under
such circumstances, the defendant may fairly be held to
have had the hogs under his control and in his possession.
Manual possession, actual handling, does not appear to be

essential in case of animals, even in common-law larceny. (See 2 Bish. Cr. Law, sec. 813, and note 7.)

We think there was circumstantial evidence in the case sufficient to justify the verdict, even if asportation were necessary.

The instructions asked on the part of defendant, so far as they were proper to be given, were substantially embodied in the charge of the court.

The judgment is affirmed.

                                        AFFIRMED.