Ronnie **HAWKINS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–06–00024–CR.

Court of Appeals of Texas, Waco.

Jan. 3, 2007.

Nancy Paula Perkins, Athens, for appellant.

Steve A. Keathley, Navarro County Crim. Dist. Atty., Corsicana, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

In two issues, Ronnie Hawkins challenges the legal and factual sufficiency of the evidence supporting his theft conviction following a bench trial. Hawkins, previously having been twice convicted of theft, was charged with state-jail-felony theft of a roll of barbed wire (valued at less than $50) from a hardware store supply yard. Hawkins alleges that the evidence is legally and factually insufficient because the evidence shows that no theft occurred: the theft was foiled and the suspect fled the scene without taking the wire. We will affirm.

■ When reviewing a challenge to the legal sufficiency of the evidence to establish the elements of a penal offense, we must determine whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Our duty is to determine if the finding of the trier of fact is rational by viewing all of the evidence admitted at trial in the light most favorable to the verdict. *Adelman v. State,* 828 S.W.2d 418, 422 (Tex.Crim.App.1992). In so doing, any inconsistencies in the evidence are resolved in favor of the verdict. *Curry v. State,* 30 S.W.3d 394, 406 (Tex.Crim.App. 2000).

■ The standard of review for factual sufficiency was recently revisited by the Court of Criminal Appeals in *Watson v. State,* 204 S.W.3d 404 (Tex.Crim.App. 2006). We, as the reviewing court, ask whether a neutral review of all the evidence, though legally sufficient, demonstrates either that the proof of guilt is so weak or that conflicting evidence is so strong as to render the factfinder's verdict clearly wrong and manifestly unjust. *Id.* at 414-15; *Johnson v. State,* 23 S.W.3d 1, 11 (Tex.Crim.App.2000). "The court reviews the evidence weighed by the jury

that tends to prove the existence of the elemental fact in dispute and compares it with the evidence that tends to disprove that fact." *Johnson*, 23 S.W.3d at 7 (quoting *Jones v. State*, 944 S.W.2d 642, 647 (Tex.Crim.App.1996)). The appellate court "does not indulge in inferences or confine its view to evidence favoring one side of the case. Rather, it looks at all the evidence on both sides and then makes a predominantly intuitive judgment...." *Id.* (quoting William Powers and Jack Ratliff, *Another Look at "No Evidence" and "Insufficient Evidence*," 69 Texas L.Rev. 515, 519 (1991)).

■ The nature of a factual sufficiency review authorizes an appellate court, although to a very limited degree, to act as the so-called "thirteenth juror" to review the factfinder's weighing of the evidence and disagree with the factfinder's determination. *Watson*, 204 S.W.3d at 416–17. If an appellate court concludes that the evidence is factually insufficient, it must clearly state why it has reached that conclusion. *Johnson*, 23 S.W.3d at 7.

The evidence shows that the hardware store had experienced a break-in the night before and that several rolls of barbed wire were taken. On the night in question, the store owner and an employee stayed late after closing, and around 8:30 p.m., a person whom the owner said was Hawkins came over the fence into the store's supply yard and went to the area where barbed wire rolls were stacked on a pallet. The owner said that Hawkins picked up a roll, at which time the employee stood up from his hiding place. The owner said that this startled Hawkins, who dropped the roll and fled the way he had entered. The owner called police and gave a detective Hawkins's name, and both the owner and the employee identified Hawkins from a photo array as the thief. No witness disputed that Hawkins did not successfully steal the wire.

"A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property." Tex. Pen.Code Ann. § 31.03(a) (Vernon Supp. 2006). Theft has three elements: (1) an appropriation of property (2) that is unlawful (3) and is committed with the intent to deprive the owner of the property. *See id.* "Appropriate" means "to acquire or otherwise exercise control over property other than real property." *Id.* § 31.01(4)(B).

■ Hawkins's sufficiency challenges essentially assert that because he never exercised control over the wire—there is no evidence that he removed it from the premises—at most the evidence proves the offense of only attempted theft. But asportation—the act of carrying away or removing property—is not an element of statutory theft. *See id.* § 31.03(a); *Barnes v. State*, 513 S.W.2d 850, 851 (Tex. Crim.App.1974) (defendant who took possession and control of car by entering it and starting motor, with his hands on steering wheel with obvious intent to drive it away, was guilty of felony theft of car although he was interrupted before he had time to abscond with it); *see also Jarrott v. State*, 108 Tex.Crim. 427, 1 S.W.2d 619, 621 (1927) (one fraudulently appropriating another's property may be convicted of theft, though not removing it from owner's premises); *Harris v. State*, 29 Tex.App. 101, 14 S.W. 390, 391 (1890) (momentary taking of money from drawer, though immediately returned to owner when caught, was sufficient to constitute larceny); *Prim v. State*, 32 Tex. 157, 157 (1869) ("Asportation is not indispensable to constitute the offense of theft. The offense may be complete without the removal of the property."). We thus disagree with Hawkins's assertion that the evidence proves only attempted theft.

Though not raised in the trial court, Hawkins also argues that the evidence shows, if anything, that he changed his mind and never committed the offense of theft. This apparent assertion of the affirmative defense of renunciation fails because renunciation is a defense to a preparatory offense and the actor must have voluntarily and completely avoided commission of the offense. *See* TEX. PEN.CODE ANN. § 15.04(a) (Vernon 2003). As we note above, the evidence supports the commission of theft, not the preparatory offense of attempted theft. Additionally, renunciation is not voluntary if it is motivated in whole or in part by circumstances "that increase the probability of detection or apprehension." *Id.* § 15.04(c)(2).

We overrule Hawkins's two issues and affirm the trial court's judgment.

Chief Justice GRAY concurs in the result only, without a separate opinion.