

# IN THE
## TENTH COURT OF APPEALS

### No. 10-07-00112-CR

**STEVEN BLAKE BLASINGAME,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court No. 2006-856-C2**

## MEMORANDUM OPINION

Appellant, Steven Blake Blasingame, was convicted by a jury of the offense of robbery and assessed forty years in prison. His appeal asserts three issues for review:

1. Whether the trial court erred in admitting a written statement of a State's witness, when the prosecutor knew before trial that the witness would have to be impeached;

2. Whether the trial court erred in denying his motion for a mistrial after jurors expressed concern about being photographed in the courtroom by Appellant's girlfriend; and

3. Whether the evidence is factually sufficient to support a finding that he was in the course of committing theft.

## ESSENTIAL FACTS

The indictment alleges that Appellant did "while in the course of committing theft of property, and with intent to obtain and maintain control of said property, intentionally, knowingly, or recklessly cause bodily injury to Bobby Slovak by striking him with defendant's fist."

The evidence shows that Appellant visited a Skinny's convenience store in Waco twice on March 31, 2006. On the first visit, he bought a cigar and then left. On the second visit, he inquired about purchasing gas in a glass container and was told that it is illegal. According to Slovak, a store employee, Appellant put an empty gas can in his pants and attempted to leave the store. Appellant shoved the employee and hit him twice in the face. As they scuffled, Appellant lost a ring and the gas can fell from his pants. He recovered his ring and left the store.

Another person who was in the store testified that he saw the scuffle, saw the can under Appellant's clothing, but did not see him leave the store with it.

Police found Appellant at another convenience store and took him to Skinny's for identification. Although he gave a fictitious name, he was identified by his cousin and Slovak.

At the punishment phase, the jury heard evidence of prior convictions for attempted burglary of a habitation and misdemeanor possession of marihuana, along with other evidence of unadjudicated acts. Appellant's former girlfriend testified that he had assaulted her but she could not remember much of what had happened. The State offered her written statement into evidence, and it was admitted over objection. Appellant

introduced evidence at the hearing concerning his childhood, his background, and his need for medication due to ADHD.

## WITNESS STATEMENT

The prior incident admitted at the punishment phase involved Amy Ramos, who said she was living with Appellant in January of 2006, when the police were called to their apartment. She denied having any memory of the incident, and the State questioned her about a written statement she had given. She denied knowing what was in the statement and telling the officer that Appellant had assaulted her. She also denied telling a family violence officer a few days later that she was afraid of Appellant. The State offered the written statement, which was admitted into evidence and read to the jury over Appellant's objection.

Appellant acknowledges that the statement is a prior inconsistent statement of a witness under Rule of Evidence 613(a) and that Rule 607 allows a party to impeach its own witness, but says the state should not be permitted to call a witness that it knows will give unfavorable testimony solely for the purpose of impeaching that witness with a prior inconsistent statement. He cites *Hughes v. State* as authority that an analysis under Rule 403 is the proper way to determine the admissibility of such evidence. *Hughes v. State*, 4 S.W.3d 1, 5 (Tex. Crim. App. 1999). In *Hughes*, the Court of Criminal Appeals noted that Rule 607 does not contain an exception for instances when the State knows, or should know, that its witness will testify unfavorably. *Id*. at 4-5. The court summarized:

> Instead, we conclude the State's knowledge that its own witness will testify unfavorably is a factor the trial court must consider when determining whether the evidence is admissible under Rule 403. Analyzing lack of surprise or injury in terms of Rule 403 is preferable not only because it comports with the plain language

of Rule 607, but because it will lead to the conclusion that a trial court abuses its discretion under Rule 403 when it allows the State to admit impeachment evidence for the primary purpose of placing evidence before the jury that was otherwise inadmissible. The impeachment evidence must be excluded under Rule 403's balancing test because the State profits from the witness' testimony only if the jury misuses the evidence by considering it for its truth. Consequently, any probative value the impeachment testimony may have is substantially outweighed by its prejudicial effect.

*Id*. at 5.

The State says that the complaint on appeal is not the same complaint that Appellant made to the trial court and thus this complaint has been waived. We agree.

At trial, counsel made several objections, but we find none that can fairly be said to implicate Rule 403. To preserve a complaint for appellate review, the complaining party must make a timely, specific objection and obtain a ruling on the objection. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). In addition, the point of error must correspond to the objection made at trial. *Id*. An objection stating one legal theory may not be used to support a different legal theory on appeal. *Id*. Because we find that Appellant's complaint on appeal does not correspond to his objections at trial, we overrule his first issue.

## MOTON FOR MISTRIAL

During the punishment phase, the jury sent a note to the court expressing discomfort with the apparent use in the courtroom of a cell phone by Amy Shilling to take photographs or record audio. Appellant moved for a mistrial on grounds that Shilling's acts had prejudiced him in the eyes of the jury. The trial court noted that Shilling had been specifically excused from the rule keeping witnesses out of the courtroom and denied the motion.

Appellant says Shilling's conduct created an inherent prejudice because jurors thought enough about it to bring it to the court's attention. He says there is a reasonable probability that her conduct interfered with the jury's verdict. *See Landry v. State*, 706 S.W.2d 105, 112 (Tex. Crim. App. 1985) ("Conduct from bystanders which interferes with the normal proceedings of a trial will not result in reversible error unless the defendant shows a reasonable probability that the conduct interfered with the jury's verdict."), *overruled in part on other grounds by Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996).

The State notes that counsel made no request for a hearing and the court heard no evidence on the motion.

In such an instance, injury to the defendant is measured on a case-by-case basis. *Id.* Furthermore, the decision about whether to grant a mistrial lies within the discretion of the trial judge. *Pierce v. State*, 234 S.W.3d 265, 268 (Tex. App.—Waco 2007, pet. ref'd). Based on the record before us, we find that Appellant did not show a reasonable probability that Shilling's conduct interfered with the jury's verdict. *See Landry*, 706 S.W.3d at 112. The court did not abuse its discretion in denying his motion for a mistrial. *See Pierce*, 234 S.W.3d at 268. We overrule the second issue.

## SUFFICIENCY OF THE EVIDENCE

The standard of review for a factual sufficiency claim was revisited by the Court of Criminal Appeals in *Watson v.* State, 204 S.W.3d. 404, 414-17 (Tex. Crim. App. 2006).

We, as the reviewing court, ask whether a neutral review of all the evidence, though legally sufficient, demonstrates either that the proof of guilt is so weak or that conflicting

evidence is so strong as to render the jury's verdict clearly wrong and manifestly unjust. *Id.* at 414-15; *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). The court reviews the evidence weighed by the jury that tends to prove the existence of the elemental fact in dispute and compares it with the evidence that tends to disprove that fact. *Johnson*, 23 S.W.3d at 7 (quoting *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996)). The appellate court "does not indulge in inferences or confine its view to evidence favoring one side of the case. Rather, it looks at all the evidence on both sides and then makes a predominantly intuitive judgment. . . ." *Id.* (quoting William Powers and Jack Ratliff, *Another Look at "No Evidence" and "Insufficient Evidence,"* 69 TEXAS L. REV. 515, 519 (1991)).

The nature of a factual sufficiency review authorizes an appellate court, although to a very limited degree, to act as the so-called "thirteenth juror" to review the fact finder's weighing of the evidence and disagree with the fact finder's determination. *Watson*, 204 S.W.3d at 417 (citing *Tibbs v. Florida*, 457 U.S. 31, 42-3, 102 S.Ct. 2211, 2218, 72 L.Ed.2d 652 (1982), and *Meraz v. State*, 785 S.W.2d 146, 156 (Tex. Crim. App. 1990)). If an appellate court concludes that the evidence is factually insufficient, however, it must clearly state why it has reached that conclusion. *Johnson*, 23 S.W.3d at 7 (citing *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986)).

In his final issue, Appellant argues that the evidence shows that he discarded the gas can before the scuffle and therefore he was not in the course of committing theft. He also says that it is equally likely that he was taking the gas can to fill it with gas to purchase both, and that his conduct is consistent with a lack of intent to commit a crime, noting that he came back to look for his ring instead of running away.

The State points to evidence that the gas can fell out of Appellant's pants only after the store employee requested that he take it out and after the scuffle began. Videotape of the incident was played for the jury. The State urges that a high degree of skepticism is required to overturn a jury verdict and that Appellant has not demonstrated that the verdict is clearly wrong and manifestly unjust. *See Watson*, 204 S.W.3d at 414, 417.

The question before us is whether the evidence, viewed in a neutral light, is so weak that the finding that Appellant was in the course of committing theft is clearly wrong and manifestly unjust. *See id*. at 414. We defer to the jury's resolution of this issue. We conclude that the evidence is not so weak as to undermine our confidence in the verdict; thus we cannot say that it is clearly wrong and manifestly unjust.[1] We overrule the third issue.

## CONCLUSION

Having overruled Appellant's three issues in this appeal, we affirm the judgment of the trial court.

BILL VANCE
Justice

Before Chief Justice Gray,
    Justice Vance, and
    Justice Reyna
Affirmed
Opinion delivered and filed November 12, 2008
Do not publish
[CRPM]

---

[1] We found in *Hawkins v. State*, 214 S.W.3d 668, 670 (Tex. App.—Waco 2007, no pet.), that asportation—the act of carrying away or removing property—is not a statutory element of theft. Thus, the offense can be complete without actual removal of the property from the owner's premises.