

## NUMBER 13-15-00031-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**THE STATE OF TEXAS,**                                                        **Appellant,**

**v.**

**KIMBERLY FORD,**                                                             **Appellee.**

On appeal from the 105th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Longoria**
**Memorandum Opinion by Justice Benavides**

The State of Texas appeals the trial court's granting of appellee Kimberly Ford's

pre-trial motion to suppress.   We affirm.

## I.  BACKGROUND

A Nueces County grand jury indicted Ford for possession of methamphetamine in an amount greater than one gram, but less than four grams, a third-degree felony.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West, Westlaw through 2015 R.S.).  The methamphetamine was seized by police from Ford's purse pursuant to a separate investigation for a reported theft committed by Ford at a Corpus Christi store.  Ford challenged the seizure of methamphetamine through a motion to suppress, contending that the stop, arrest, and subsequent search incident to arrest[1]  took place in violation of the United States and Texas Constitutions.  *See* U.S. CONST. amend. IV; TEX. CONST. art. I, §§ 9, 10, 19.

At the hearing on Ford's motion to suppress, the State presented no witnesses due to the unavailability of the arresting officer, Corpus Christi Police Officer Michael Rogers, who was apparently unavailable due to an injury.  The State attempted to continue the hearing until a later date, but the trial court noted that this was the fourth setting on Ford's motion for continuance, and that the State failed to file a written motion for continuance, despite knowing in advance of the hearing and of Officer Rogers' physical condition and unavailability.  In lieu of his testimony, the State offered, and the trial court admitted over Ford's objections, Officer Rogers' offense report from Ford's arrest, which included a descriptive narrative of his investigation.

---

[1] Although the State questions in its briefing the scope of what Ford challenged in her motion to suppress, our review of the record shows that Ford apprised the trial court that she was challenging whether the officer had: (1) reasonable suspicion to stop her inside the store; and (2) probable cause to arrest her and search her purse incident to that arrest.  Accordingly, we will address those issues later in this opinion.

Officer Rogers' written narrative states that on January 9, 2013, he responded to the Dollar General store located on Waldron Road in Corpus Christi in reference to a store employee's report that a customer in the store was concealing store merchandise in her purse and jacket. The employee, Maria Molina,[2] identified the suspect, Ford, as a "white female with blond hair" wearing "blue jeans and a light blue shirt." Upon arriving at the store, Molina directed Officer Rogers to the area of the store where Ford was located. Officer Rogers located Ford, who fit Molina's description "exactly" and made contact with her. Ford asked Officer Rogers, "Can I help you?" and he told her that she had been reported for concealing items in her purse. Ford admitted to putting the items in her purse, but said she was "not done shopping . . . and . . . was going to pay for them before she left." Based on this information, Officer Rogers believed that Ford had merchandise concealed in her purse. Officer Rogers then grabbed Ford's jacket that was covering Ford's purse, which was located in the child's seat of Ford's shopping cart. According to Officer Rogers' report, Ford's purse was "zipped up and full of store merchandise." Officer Rogers' report also states that Ford had other merchandise inside of the shopping cart. Officer Rogers wrote that based on these facts, "it was . . . obvious that [Ford] had intentions to steal the items." Officer Rogers then placed Ford under arrest for Class C misdemeanor theft of the items totaling $75.10. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(1) (West, Westlaw through 2015 R.S.). While removing the merchandise from Ford's purse, Officer Rogers identified "six small zipper type baggies" containing a crystal-like substance removed from Ford's purse. Based on his

---

[2] Molina did not testify at the suppression hearing.

3

experience and training, Officer Rogers stated that he believed these baggies to contain methamphetamine.

At the suppression hearing, the trial court granted Ford's motion to suppress. In making its ruling, the trial court made the following oral findings:

> And just for purposes of the record, the Court questions the reliability of the information contained within the report provided by Maria Molina to the officer. I question the reliability of the information that is contained with regard to the items and information. And I find insufficient evidence to support a charge of theft under the facts and circumstances as presented in the narrative. And the Court rightfully considers the accuracy, there not being anyone to substantiate the information that Maria Molina gave.
>
> And I also think that—I mean, just on a side note, if there were other officers present at the scene, this report should have indicated that there were other officers on the scene at the time.

Additionally, the trial court adopted the following written findings of fact and conclusions of law[3] filed by Ford:

## I. FINDINGS OF FACT

1. On January 9, 2013, a store employee of the Dollar General Store at Waldron and Glenoak in Corpus Christi, Nueces County, Texas called [the] Corpus Christi Police Department after becoming suspicious that [Ford] was shoplifting.

2. When the police officer arrived, he found [Ford] inside the store shopping.

---

[3] During the pendency of this appeal, the State filed a motion to abate and remand this proceeding for entry of supplemental findings pursuant to Texas Rule of Appellate Procedure 44.4(b). *See* TEX. R. APP. P. 44.4. In its motion, the State argues that the trial court's adopted findings of fact are "incomplete" and require supplementation. We disagree.

After ruling on a motion to suppress evidence, a trial court shall state its essential findings, upon the request of a losing party. *See State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006). "Essential findings" mean findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts. *Id.* Here, we conclude that the oral and written findings of fact and conclusions of law made and adopted by the trial are adequate for this Court to review the trial court's application of law to facts, and thus do not need to be supplemented. *See id.* We deny the State's motion.

4

3. When stopped by the officer, [Ford] had not left the store.

4. When stopped by the officer, [Ford] had not passed the checkout area of the store.

## II. CONCLUSIONS OF LAW

1. The officer did not have reasonable suspicion to believe that [Ford] had committed a crime at the time he stopped [Ford] and search[ed] her purse.

2. The officer did not have probable cause to arrest [Ford] and to search her purse.

3. The State did not meet its burden to show that a crime had occurred.

This appeal followed. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(5) (West, Westlaw through 2015 R.S.).

## III. SUPPRESSION

By one issue, the State contends that the trial court erred by granting Ford's motion to suppress because: (1) Officer Rogers had reasonable suspicion to detain Ford; (2) the totality of the circumstances were sufficient to give Officer Rogers probable cause to believe that Ford had committed theft; and (3) Officer Rogers validly searched Ford's purse incident to her arrest.

### A. Standard of Review

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *See Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). We review the trial court's factual findings for an abuse of discretion, but review the trial court's application of law to facts de novo. *Id.* Almost total deference is given to the trial court's findings, especially those based on an evaluation of witness credibility and demeanor. *Id.* We will sustain the trial court's ruling if it is reasonably supported by the record and

5

is correct on any theory of law applicable to the case.    *Id.*

**B.    Discussion**

**1.    Reasonable Suspicion**

The State argues that Officer Rogers' initial encounter with Ford was consensual, but in the alternative, if he detained her, he possessed reasonable suspicion to do so. We agree with the State's alternative argument.

There are three distinct types of police-citizen interactions: (1) consensual encounters that do not implicate the Fourth Amendment; (2) investigative detentions that are Fourth Amendment seizures of limited scope and duration that must be supported by a reasonable suspicion of criminal activity; and (3) arrests, the most intrusive of Fourth Amendment seizures, that are reasonable only if supported by probable cause.    *Wade v. State*, 422 S.W.3d 661, 667 (Tex. Crim. App. 2013).    Police officers are as free as any other citizen to approach citizens to ask for information or cooperation.    *Id.*    Such consensual encounters may be uncomfortable for a citizen, but they are not Fourth Amendment seizures.    *Id.*

No bright-line rule governs when a consensual encounter becomes a detention. *Id.*  Courts must take into account the totality of the circumstances of the interaction to decide whether a reasonable person would have felt free to ignore the police officer's request or to terminate the consensual encounter.    *Id.*    If ignoring the request or terminating the encounter is an option, then no Fourth Amendment seizure has occurred. *Id.* at 668.    However, if an officer, through force or a show of authority succeeds in restraining a citizen in her liberty, the encounter is no longer consensual; it is a Fourth Amendment detention or arrest, subject to Fourth Amendment scrutiny.    *Id.*    The

question of whether the particular facts of the case show a consensual encounter has evolved into a detention is a legal issue that is reviewed de novo. *Id.*

Here, the limited facts presented through Officer Rogers' report indicate that Officer Rogers' interaction with Ford was not consensual and constituted an investigative detention. Officer Rogers was dispatched to Dollar General for the sole purpose of investigating a suspected theft by Ford. Furthermore, Officer Rogers approached Ford, in his capacity as a law enforcement officer, and confronted her about the allegations that she was in the midst of stealing. Accordingly, from a common and objective perspective, Officer Rogers' show of authority toward Ford demonstrated that this encounter was not consensual. Instead, we hold that the encounter amounted to an investigative detention. *See State v. Castleberry*, 332 S.W.3d 460, 467 (Tex. Crim. App. 2011).

Reasonable suspicion of criminal activity permits a temporary seizure for questioning that is limited to the reason for the seizure. *Wade*, 422 S.W.3d at 668. A police officer has reasonable suspicion for a detention if he has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that the person detained is, has been, or soon will be engaged in criminal activity. *Id.* This is an objective standard that disregards the actual subjective intent of the arresting officer and looks, instead, to whether there was an objectively justifiable basis for the detention. *Id.* In examining this standard, we look to the totality of the circumstances to ensure that the information is sufficiently detailed and reliable to support more than an inarticulate hunch or intuition. *Id.* Likewise, our review is de novo, when determining whether a certain set of historical facts gives rise to reasonable suspicion.

7

The trial court found that Officer Rogers responded to the Dollar General based on a report from a store employee, who suspected Ford of stealing merchandise. Moreover, upon arriving at the store, the employee provided Officer Rogers with a description of the suspect that fit Ford's description "exactly." Based on these facts, we conclude that the trial court erred in concluding that Officer Rogers did not possess reasonable suspicion to detain Ford because Officer Rogers had specific articulable facts from the store employee that would lead him to reasonably conclude that Ford had engaged in criminal activity inside of the store. *See id.*

### 2. Probable Cause to Arrest

Next, the State argues that the trial court erred in concluding that Officer Rogers lacked probable cause to arrest Ford for theft without a warrant and likewise conduct a warrantless search of Ford's purse incident to that arrest. We disagree.

In examining whether an officer possessed probable cause for a warrantless arrest, we look to the totality of the circumstances. *See Amores v. State*, 816 S.W.2d 407, 413 (Tex. Crim. App. 1991) (en banc). The burden is on the State to prove the existence of probable cause to justify the warrantless arrest. *Id.* Probable cause exists where the facts and circumstances within the officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that a particular person has committed or is committing an offense. *Id.* Once an officer has probable cause to arrest, he may search the person as a search incident to an arrest. *Glenn v. State*, 475 S.W.3d 530, 540 (Tex. App.—Texarkana 2015, no pet.). It is irrelevant that the arrest occurs immediately before or after the search, as long as sufficient probable cause exists for the officer to

8

arrest before the search. *State v. Ballard*, 987 S.W.2d 889, 892 (Tex. Crim. App. 1999).

In this case, Officer Rogers arrested Ford for theft. Theft is defined as the unlawful appropriation of property with intent to deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03(a). Relevant to this case, one "appropriates property" unlawfully if it she does so without the owner's effective consent. *Id.* § 31.03(b)(1). Asportation, or the act of carrying away or removing property, is not an element of statutory theft. *See id.*; *accord Hawkins v. State*, 214 S.W.3d 668, 670 (Tex. App.—Waco 2007, no pet.).

When Officer Rogers approached and detained Ford, he explained his purpose—that is, to investigate a report by a store employee that Ford was suspected of theft by placing various merchandise in her purse. Ford admitted to putting the merchandise in her purse, but told Officer Rogers that she was not finished shopping, and was going to pay for them before she left the store. This led Officer Rogers to uncover Ford's purse, open it, and look into the purse to discover the unpaid-for merchandise. Nothing else in the record indicates any actions or statements by Ford indicating that she was attempting to appropriate the items with an intent to deprive Dollar General of the merchandise, as she had not left the store and also had other items in a shopping cart that she intended to purchase. *See* TEX. PENAL CODE ANN. § 31.03(a). We recognize that the record before the trial court, and likewise on appeal, is less than ideal. The only evidence introduced by the State to support its arguments was Officer Rogers' police report and narrative, which the trial court referenced in its ruling by expressly finding that the reliability and accuracy of the information given by Molina to Officer Rogers regarding the "items and information" contained within Officer Rogers' report was questionable.

9

The court of criminal appeals has held that a trial court acts within its discretion when considering a police officer's police report in ruling on a motion to suppress, and nothing prohibits a defendant from challenging or attacking the credibility and reliability of the specific contents of that report at the hearing. *See Ford v. State*, 305 S.W.3d 530, 539–41 (Tex. Crim. App. 2009). We reiterate that we afford "almost total deference to a trial court's determination of the historical facts that the record supports," especially when those findings are based on evaluation of credibility and demeanor. *See Turrubiate*, 399 S.W.3d at 150l. Furthermore, we afford the same amount of deference to a trial court's rulings on applications of law to fact questions, if the resolution of those ultimate questions turn on an evaluation of credibility and demeanor. *See Montanez v. State*, 195 S.W.3d 101, 106 (Tex. Crim. App. 2006). Therefore, based on the totality of the circumstances, we hold that the State failed to meet its burden to establish probable cause to justify Ford's arrest and the corresponding search incident to that arrest. *See Amores*, 816 S.W.2d at 413; *Glenn*, 475 S.W.3d at 540.

### 3. Summary

In summary, we hold that: (1) Officer Rogers' encounter with Ford was a non-consensual investigative detention, and Officer Rogers possessed reasonable suspicion to engage in this investigative detention; but (2) Officer Rogers lacked probable cause to arrest Ford without a warrant for theft, and as a result, conducted an unlawful search of Ford's purse incident to that arrest. The State's sole issue is overruled.

## IV.    CONCLUSION

We affirm the trial court's ruling on Ford's motion to suppress.


GINA M. BENAVIDES,
Justice


Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
15th day of September, 2016.