

# IN THE
# TENTH COURT OF APPEALS

## No. 10-18-00221-CR

**DARYL JOE,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 13th District Court
### Navarro County, Texas
### Trial Court No. D37693-CR

## O P I N I O N

In one issue, appellant, Daryl Joe, contends that the evidence supporting his conviction for theft of cargo is insufficient. *See* TEX. PENAL CODE ANN. § 31.18(c)(2). We affirm.

### I. SUFFICIENCY OF THE EVIDENCE

In his sole issue on appeal, appellant asserts that his conviction is not supported by sufficient evidence because the mattresses and box springs were not stolen cargo, as

defined by the relevant statute, and because he did not possess the trailer and its contents given that a reasonable fact finder could not have found from the evidence that he "hooked up" to the trailer.

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.; see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

In the instant case, appellant was charged by indictment with theft of cargo valued over $10,000, but under $100,000. Specifically, the State alleged that appellant "intentionally and knowingly conduct[ed] an activity in which the defendant possessed stolen cargo, to wit: mattresses and box springs by hooking up the truck he was driving to the trailer where the cargo was located . . . ." The alleged criminal offense is codified in section 31.18(b)(1) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 31.18(b)(1).

Specifically, section 31.18(b)(1) of the Texas Penal Code provides that a person commits the offense of cargo theft if the person:

(1) knowingly or intentionally conducts, promotes, or facilitates an activity in which the person receives, possesses, conceals, stores, barters, sells, abandons, or disposes of:

      (A) stolen cargo; or

      (B) cargo explicitly represented to the person as being stolen cargo; or . . . .

*Id.* § 31.18(b)(1).

We first address appellant's contention that there was insufficient evidence to demonstrate that the mattresses and box springs were stolen cargo. Under section 31.18 of the Texas Penal Code, "[c]argo" is defined as:

> goods, as defined by Section 7.102, Business & Commerce Code, that constitute, wholly or partly, a commercial shipment of freight moving in commerce. A shipment is considered to be moving in commerce if the shipment is located at any point between the point of origin and the final point of destination regardless of any temporary stop that is made for the purpose of transshipment or otherwise.

*Id.* § 31.18(a)(1).

At trial, David Richards, facility manager for Corsicana Bedding, described how mattresses and box springs are manufactured at the Corsicana Bedding plant, prepared for shipping, and moved to a trailer for shipping. According to Richards, the goods in question, which amounted to 145 items with a value of $42,900, including the JB Hunt trailer, had already been transferred to a sealed shipping container inside a trailer. Furthermore, a bill of lading had been issued for the goods in question.[1] *See B.W. McMahan & Co. v. State Nat'l Bank*, 160 S.W. 403, 404 (Tex. Civ. App.—San Antonio 1913,

---

[1] Specifically, Richards testified that once the cargo is loaded into the trailer, Corsicana Bedding employees seal the trailer door with a yellow seal. The driver of the trailer retrieves the bill of lading, inspects the product and his paperwork to make sure that it matches, and then puts a red seal on the trailer door. Richards further recounted that: "Once they get [the trailer] completely full, they put the paperwork in the back. And they pull it out on the yard and close the doors and drop it. And then put an empty [trailer] in its spot." In any event, once the yellow seal is placed on the trailer door, the goods are stationed for transit, and Richards noted that the goods are now somebody else's property.

no writ) ("The transfer of a bill of lading has only the effect of transferring the title to, and the constructive possession of, the very goods for which the bill is a representative."); *see also Fletcher L. Yarbrough & Co. v. Tex. & N. O. R. Co.*, 226 S.W.2d 257, 259 (Tex. Civ. App.— Dallas 1949, no writ) ("A bill of lading evidences title to and possession of goods therein specified; it represents the goods, and when executed and delivered, is constructive delivery of the goods themselves to the carrier issuing the bill of lading. The bill of lading serves the function: (1) as receipt for the goods; (2) a contract for their carriage; and (3) evidence of title to the goods delivered to it."). As such, the goods were no longer in Corsicana Bedding's possession, but rather, had transferred to the carrier in the shipping yard. The transfer of possession of the goods demonstrates that the goods were moving in commerce and were "cargo" within the meaning of section 31.18(a)(1) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 31.18(a)(1). The fact that the goods were still in the shipping yard is of no consequence because, under section 31.18(a)(1) of the Texas Penal Code, this stage of the shipping process was merely a temporary stop that has no effect on the analysis as to whether the goods are moving in commerce. *See id.*

Next, appellant argues that a reasonable factfinder could not have found the evidence sufficient that he "hooked up" to the trailer, as alleged, or that he ever "possessed" the goods in question. Once again, we disagree.

Here, Juan Carlos Perez, a warehouse supervisor for Corsicana Bedding, testified that, on the night in question, he observed and took pictures of appellant's blue Volvo

semi-truck "hooked up" to a JB Hunt trailer that contained mattresses and box springs. Specifically, appellant "hooked up" the fifth wheel to the trailer and was attempting to connect the air lines and the lights when he got caught. The State proffered Perez's pictures of appellant's blue semi-truck "hooked up" to the trailer.

Rafael Lemus, plant manager for Corsicana Bedding, stated that appellant was not supposed to pick up a trailer from Corsicana Bedding. In fact, Mark Nanny, patrol sergeant for the Corsicana Police Department, noted that appellant did not have a load number affiliated with any load from Corsicana Bedding. Furthermore, both Lemus and Perez explained that only JB Hunt trucks were supposed to haul JB Hunt trailers, which undermined appellant's argument at trial that he had been told to come pick up a trailer.

On cross-examination, Perez acknowledged that appellant had not manually "hooked up" the brake lines or raised the lifts. On appeal, appellant contends that because he had not manually "hooked up" the brake lines or raised the lifts, his actions constituted, at most, an attempt to "hook up" the trailer. However, because this Court has held that "asportation—the act of carrying away or removing property—is not an element of statutory theft," *Hawkins v. State*, 214 S.W.3d 668, 670 (Tex. App.—Waco 2007, no pet.), we find appellant's argument to be unpersuasive, as it is irrelevant to our analysis that appellant was unable to move the trailer "even one inch."[2]

---

[2] Indeed, section 31.18 of the Texas Penal Code is entitled, "Cargo Theft," which necessarily relates to the theft statute codified in section 31.03 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 31.03. As relevant to this case, to prove the offense of theft, the State must prove beyond a reasonable doubt that a

Importantly, viewing the evidence in the light most favorable to the jury's verdict, a rational factfinder could have found beyond a reasonable doubt that appellant engaged in conduct—namely, "hooking up" the trailer to his truck—that demonstrated possession of the goods. *See* TEX. PENAL CODE ANN. § 1.07(a)(39) (providing that "[p]ossession" means "actual care, custody, control, or management"); *see, e.g., Poindexter v. State*, 153 S.W.3d 402, 405-06 (Tex. Crim. App. 2005) (stating, in the context of drug-possession case, that the State may prove possession through direct or circumstantial evidence, although the evidence must establish that the accused's connection with the contraband was more than fortuitous). Thus, the evidence is sufficient to support appellant's conviction for cargo theft under section 31.18(b)(1) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 31.18(b)(1); *see also Zuniga*, 551 S.W.3d at 732-33. We overrule appellant's sole issue on appeal.

## II.     CONCLUSION

We affirm the judgment of the trial court.

JOHN E. NEILL
Justice

person "unlawfully appropriate[d] property with the intent to deprive the owner of the property." *Id.* And because of the close relationship between the two statutes, we find that many of the principles associated with the theft statute—in particular, the fact that asportation need not be proven by the State—should also apply to section 31.18 of the Texas Penal Code.

Before Chief Justice Gray,
      Justice Neill,
      and Justice Johnson
(Chief Justice Gray dissenting)
Affirmed
Opinion delivered and filed March 3, 2021
Publish
[CRPM]

